IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
EASTERN (DUBUQUE) DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. 21-CR-1031 |
| | ) | |
| Plaintiff, | ) | **INFORMATION** |
| | ) | |
| vs. | ) | Count 1 |
| | ) |    18 U.S.C. § 1343: Wire Fraud |
| TODD CHARLES WESSELS, | ) | |
| | ) | Forfeiture |
| Defendant. | ) | |

The Acting United States Attorney charges:

## Count 1
## Wire Fraud

### Introduction

1. At all relevant times, defendant TODD CHARLES WESSELS was the Curriculum and Technology Director for a private, not-for-profit school district ("the School District") in Dubuque, Dubuque County, Iowa, within the Northern District of Iowa. As Curriculum and Technology Director, defendant was responsible for ensuring that the School District met the technology needs of approximately 1800 students at its high school, middle school, and elementary schools. Before 2016, defendant also served in a dual role as the principal of one of the School District's elementary schools.

2. The School District entrusted defendant TODD CHARLES WESSELS with substantial discretion when purchasing technology-related items, including but not limited to computers for each of its students and the software applications ("apps") for those computers. Defendant represented to the School District that he

had substantial experience with technology-related items, and the School District trusted defendant as its "resident expert" on technology matters. Defendant would often test computers and make demonstrations for the School District's teachers, giving the appearance that he and the School District were "on the cutting edge of technology." As a consequence, the School District's administration permitted defendant to make purchases on behalf of the School District with little or no oversight.

## The Scheme to Defraud

3. Beginning on an unknown date but no later than June 2011, and continuing through at least February 2020, in the Northern District of Iowa and elsewhere, defendant TODD CHARLES WESSELS did voluntarily and intentionally devise and execute a scheme to defraud the School District, and to obtain the School District's money and property by means of false and fraudulent pretenses, representations, and promises ("the scheme to defraud"), and participated in the scheme to defraud with knowledge of its fraudulent nature.

## Manner and Means of the Scheme to Defraud

4. It was part of the scheme to defraud that, on the false and fraudulent pretense that defendant TODD CHARLES WESSELS was acting for the School District's benefit and thus also the benefit of its teachers and students, defendant accessed and obtained the School District's funds for defendant's own benefit and not for the benefit of the School District.

5.      It was also part of the scheme to defraud that, to hide the purchases that he was making for his own benefit and not for the benefit of the School District, defendant TODD CHARLES WESSELS would, among other fraudulent means, make purchases of pre-paid debit cards using the School District's store credit cards at area businesses.  As defendant well knew, these store credit cards were in the School District's name and were to be used only for official school purchases, and the School District had authorized defendant to make purchase on those cards only for such legitimate purchases.  However, upon the false and fraudulent pretense that he needed funds for "apps" for the School District's students or for "office supplies," for example, defendant used the store credit cards to purchase the pre-paid debit cards for his own personal benefit and use.  Defendant then electronically transferred, by means of interstate wire, the balances of the pre-paid debit cards to another account that defendant controlled at PayPal, Inc., an electronic payment transfer system based in California, which he had, without the School District's knowledge, falsely and fraudulent opened in the School District's name but under the handle "WENWESS".  Finally, defendant provided the School District receipts for the purchase of the pre-paid debit cards on the false and fraudulent pretense that the use of the store credit cards was for legitimate School District purchases.

6.      It was also part of the scheme to defraud to sell the School District's computer equipment on third-party Internet websites without its knowledge or permission.  Defendant used the PayPal account to receive electronic funds from the sales of electronic equipment belonging to the School District by means of interstate

3

wire transfers. Defendant then converted the funds realized from these sales to his own personal use.

## Execution of the Scheme to Defraud

7. For the purpose of executing and attempting to execute the above-described scheme and artifice to defraud and to obtain property and money by means of false and fraudulent pretenses and representations, defendant TODD CHARLES WESSELS knowingly caused to be transmitted by means of wire in interstate commerce, the following writings, signs, signals, pictures, or sounds:

On or about November 23, 2019, defendant TODD CHARLES WESSELS caused PayPal to wire $449.00 to The Woodrow Instrument Company in Asheville, North Carolina, for the purchase of a handmade string instrument known as "The Artist" and delivery of the same to defendant's residence in Dubuque.

This was in violation of Title 18, United States Code, Section 1343.

## **Forfeiture Allegation - Wire Fraud**

8. The allegations contained in Count 1 of this Information are hereby re-alleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 18, United States Code, Section 982(a)(8).

9. Upon conviction of the offense in violation of Title 18, United States Code, Section 1343 set forth in Count 1 of this Information, defendant TODD CHARLES WESSELS shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 982(a)(8), any real or personal property --

(A) used or intended to be used to commit, to facilitate, or to promote the commission of such offense; and

(B) constituting, derived from, or traceable to the gross proceeds obtained directly or indirectly as a result of the offense, including a forfeiture money judgment of at least $250,000.

10. If any of the property described above, as a result of any act or omission of the defendants:

    a. cannot be located upon the exercise of due diligence;
    b. has been transferred or sold to, or deposited with, a third party;
    c. has been placed beyond the jurisdiction of the court;
    d. has been substantially diminished in value; or
    e. has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1) and Title 28, United States Code, Section 2461(c).

All pursuant to 18 U.S.C. § 982(a)(8) and 28 U.S.C. § 2461(c).

SEAN R. BERRY
Acting United States Attorney

By: */s/ Timothy L. Vavricek*

TIMOTHY L. VAVRICEK
Assistant United States Attorney

5
Case 2:21-cr-01031-CJW-MAR   Document 2   Filed 10/14/21   Page 5 of 5